**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
:
LINDA RAMOS, :
:
                            Plaintiff, :          20-CV-9436 (OTW)
:
      -against- :          **OPINION & ORDER**
:
:
:
:
COMMISSIONER OF SOCIAL SECURITY, :
:
                           Defendant. :
:
:
---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**I.    INTRODUCTION**

On March 3, 2023, the Court issued an order granting Plaintiff Linda Ramos' ("Plaintiff") Motion for Judgment on the Pleadings, denying the Commissioner of Social Security's ("Commissioner") Cross Motion for Judgment on the Pleadings, and remanding the decision of the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g). (ECF 27) ("O&O"). On May 3, 2023, the Commissioner filed a motion for reconsideration under Fed. R. Civ. P. 59(e), not to seek relief with regard to the Court's order to remand but to amend or clarify the order in two respects. (ECF 31 at 2). The Commissioner asks the Court to amend its Order to: (1) omit reference to *Peed v. Sullivan*, 778 F. Supp. 1241 (E.D.N.Y. 1991); and (2) clarify the Order's reasoning for finding that the Appeals Council failed to consider new and material evidence. (ECF 31 at 2-3). Plaintiff filed an opposition. (ECF 32). The parties consented to my jurisdiction

1

for all proceedings and the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF 16).

For the following reasons, the Commissioner's motion is **DENIED**.

### II. LEGAL STANDARD

A motion for reconsideration is governed principally by Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (ellipsis omitted) (internal quotation marks omitted). The rules permitting a motion for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (internal quotation marks omitted). The Court has broad discretion in determining whether to grant a motion for reconsideration. *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

A Court may grant a motion for reconsideration where there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or, (3) the need to correct a clear error or prevent manifest injustice. *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,

1255 (2d Cir. 1992)). Reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir.2003)). Since the Commissioner does not identify an intervening change in controlling law or the availability of new evidence, the Court construes the Commissioner's motion as an argument under the need to correct clear error or prevent manifest injustice.

### III. DISCUSSION

In finding that the ALJ failed to develop the record fully and fairly, the Court cited *Peed* as follows: "an ALJ must make every reasonable effort to obtain a report that sets forth the opinion of that treating physician as to the existence, the nature, and the severity of the claimed disability." (O&O at 10) (internal quotations and punctuation omitted). The Commissioner argues that *Peed* is "no longer good law" for cases decided under the Commissioner's revised regulations since it was decided under the Second Circuit's prior treating physician rule. (ECF 31 at 4).

The Court did not commit clear error or manifest injustice by quoting *Peed*. As a threshold matter, *Peed* is not binding on this Court. The Second Circuit has not spoken on *Peed* since 2013, well before the promulgation of the revised regulations in 2017. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013). The Court need not decide if *Peed* conclusively remains "good law" within the Second Circuit in order to find that quoting *Peed* does not constitute clear error under Fed. R. Civ. P. 59(e). Indeed, courts within this Circuit on applications filed after March 27, 2017, continue to reference *Peed*. *See, e.g.*, *Jenkins v. Kijakazi*,

3

21-CV-03162 (SN), 2022 WL 4133283, at *3 (S.D.N.Y. Sept. 12, 2022); *Buonsignore v. Comm'r of Soc. Sec.*, 20-CV-4582 (MKB), 2022 WL 4121378, at *6 (E.D.N.Y. Sept. 9, 2022); *Angelica P. v. Comm'r of Soc. Sec.*, 21-CV-09592 (GRJ), 2023 WL 2366913, at *5 (S.D.N.Y. Mar. 6, 2023).

Furthermore, in *Peed*, the Honorable I. Leo Glasser found that the requirement for the ALJ to make every reasonable effort to obtain the report derived from the ALJ's duty to ensure that the claimant receives a full hearing under the regulations and in accordance with the beneficent purpose of the Social Security Act, which remains good law. *Peed*, 778 F. Supp. at 1245 (citing *Gold v. Secretary of Health, Education, and Welfare*, 463 F.2d 38, 43 (2nd Cir. 1972); *Echevarria v. Secretary of Health and Human Services*, 685 F.2d 751, 755 (2d Cir. 1982)).

As for the Commissioner's argument that the Order must be clarified regarding the Appeals Council's consideration of new evidence, the Court finds it was not clear error or manifest injustice considering the Commissioner does not contest remand.

### IV.    CONCLUSION

For the foregoing reasons, the Commissioner's motion is **DENIED**.

The Clerk of Court is respectfully directed to close ECF 30.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: May 11, 2023  
New York, New York

**Ona T. Wang**  
United States Magistrate Judge